UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------X

CENTRO DE PERIODISMO INVESTIGATIVO,

    Plaintiff,

v.                                                             Civil No. 17-1743 (JAG)

FINANCIAL OVERSIGHT AND MANAGEMENT
BOARD FOR PUERTO RICO,

    Defendant.

-------------------------------------------------------------X

**JOINT INITIAL SCHEDULING MEMORANDUM**

**TO THE HONORABLE COURT:**

    **COME NOW** Plaintiff Centro de Periodismo Investigativo ("CPI" or "Plaintiff"), through its counsel Judith Berkan and Steven Lausell, and Defendant the Financial Oversight and Management Board for Puerto Rico ("Board" or "Defendant"), through its counsel Luis F. del Valle-Emmanuelli and Guy Brenner, pursuant to this Court's *Order for Initial Scheduling Conference* (Dkt. No. 40), and respectfully submit this Joint Initial Scheduling Memorandum.

**I.**     **THEORY OF THE CASE.**

    **1.**     **Plaintiff.**

    The plaintiff asserts that the documents requested are within the ambit of the Constitutional right of public access. This is the appropriate court wherein the requests for documents from the Board can be addressed. The Eleventh Amendment and the preemption doctrines do not preclude this action. *See, generally*, Docket 25 (plaintiff's Opposition to

Motion to Dismiss).  Plaintiff disagrees with defendant that most of the materials are already in the public domain.

Judge García Gregory already ruled on the issues raised by the defendant in the Motion to Dismiss. See, Opinion and Order, Docket No. 36.  This case should move to quick production of the requested documents and/or specific privilege logs in compliance with Rule 26.

**2.      Defendant.**

For reasons set forth in Section III, the Board maintains that its documents are not subject to the Puerto Rico constitution's right to access public documents.  Even so, in light of the fact that most of the materials sought by Plaintiff are already in the public domain, and reserving all rights to challenge Plaintiff's right to access its documents, the Board has agreed at this time to participate in these proceedings.

**II.      THE APPLICABLE LAW.**

**1.      Plaintiff.**

*Soto v. Giménez Muñoz*, 112 DPR 377 (12 PR. Offic Trans. 597) and its progeny.  See, *Bhatia Gautier*, 2017 TSPR 173, "Courts should be careful not to consider in a cavalier manner the assertions of confidentiality of the State." (translation provided).  There must be a balance between the interests of the citizenry, which are protected under the Constitution and that of the Government, which is obliged to present proof and demonstrate the existence of compelling interests which are of a greater value that the right of information access for citizens, *Id*.

The documents requested all fall within the Constitutional protection. See, *Bhatia v. Rosselló*, 2017 TSPR 173; *Bhatia v. Rosselló*, 2017Cv00271 (Judgment of March 19, 2018).

If any specific documents are exempt from disclosure, the defendant has the responsibility to list them with sufficient specificity so as to allow the court and the plaintiff to evaluate the application of any specific privilege asserted.  The Board has the burden of proof with respect to any exception. *Id*.

2. **Defendant**.

For reasons set forth in Section III, the Board maintains that its documents are not subject to the Puerto Rico constitutional right to access public documents.  Even so, in light of the fact that most of the materials sought by Plaintiff are already in the public domain, and reserving all rights to challenge Plaintiff's right to access its documents, the Board has agreed at this time to participate in these proceedings and to provide CPI access to non-exempt public documents that are covered by the Puerto Rico constitutional right to access public documents.

The right to access information under Puerto Rico's constitution is limited to "public documents," as defined under Puerto Rico law.  In addition, even if a document is "public," the right to access is not absolute.  Even a "public" document as defined in Puerto Rico law does not have to be produced if it is subject to an exemption from disclosure.  Such exemptions include, but are not limited to, attorney-client privilege, the deliberative process privilege, the common interest privilege, other evidentiary privileges, protection of third persons' fundamental rights, and official information.

III. **JURISDICTIONAL ISSUES**.

1. **Plaintiff**.

None.  Congress specifically provided for jurisdiction in this court.  There is no Eleventh Amendment bar, and accordingly no *Pennhurst* issue either. *See, generally, Opinion and Order at Docket 36,* which constitutes Law of the Case.

### 2. **Defendant.**

The Board contends that this Court lacks jurisdiction for at least the following reasons: (1) under *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 92 (1984), the Board is immune from claims seeking injunctive relief pursuant to Puerto Rico law; (2) Section 105 of Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA") protects the Board and its members and employees from liability for any obligation or claim resulting from actions taken to carry out PROMESA, and all documents CPI requests result from actions the Board took to carry out PROMESA; and (3) CPI's claim is preempted by PROMESA § 4.

### IV. **CERTIFICATION THAT EACH PARTY HAS COMPLIED WITH INITITAL DISCLOSURE REQUIREMENTS OF FED. R. CIV. P. 26(a)(1).**

Pursuant to Federal Rules of Civil Procedure 26(a)(1), the parties stipulate that initial disclosures are not required in this case.

### VI. **CERTIFICATION THAT THE PARTIES HAVE ADDRESSED ANY ELECTRONIC DISCOVERY ISSUES (FED. R. CIV. P. 26(a)(1)(B); 26(f)(3) & (4) AND ANY PROPOSED AGREEMENTS UNDER THESE RULES.**

The parties agree that any electronic discovery will be subject to the following rules and protocols:

1. Any electronic documents produced in this matter will be produced in PDF format with Optical Character Recognition, or a similar format mutually-agreed upon by the parties.

2. Any electronic documents produced in this matter will be produced in their original language.

The parties are continuing to discuss the possibility of other rules and protocols to govern electronic discovery in this matter.

VII. **PROPOSED DISCOVERY TIMETABLE**.

The parties agree that this is not a case in which conventional discovery is involved. Rather, the matters involves a claim for disclosure of documents. The parties are currently negotiating parameters regarding the scope of the documents to be reviewed as well as the timetable for production of documents and/or a log of documents withheld.

VIII. **ANY RELATED CASES FILED IN FEDERAL AND/OR COMMONWEALTH COURT BY PETITIONER**.

*CPI v. Rosselló*, SJ2017cv00396, a case requesting some, but not all of the same documents from the Government of Puerto Rico.

IX. **ANY OTHER MATTERS DEEMED IMPORTANT TO THE CASE**.

1. **Plaintiff**.

None.

2. **Defendant**.

None.

**WHEREFORE**, both parties respectfully request that this Honorable Court take notice of the instant Joint Initial Scheduling Memorandum.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 4th day of June, 2018.

Respectfully submitted,

5

<table>
<tr><td>

*/s/ Judith Berkan*
Judith Berkan
USDC No. 200803
berkanj@microjuris.com
bermen@prtc.net

**BERKAN & MÉNDEZ**
O'Neill G-11
San Juan, PR 00918-2301
Tel: (787) 764-0814
Fax: (787) 250-0986

*Attorney for the Centro de Periodismo Investigativo*

</td><td>

*/s/ Luis F. del Valle Emmanuelli*
Luis F. del Valle Emmanuelli
USDC No. 209514
devlawoffices@gmail.com

**DEL VALLE EMMANUELLI LAW OFFICES**
PO Box 79897
Carolina, PR 00984-9897
Tel: (787) 977-1932
Fax: (787) 722-1932

*/s/ Guy Brenner*
Guy Brenner
*Admitted Pro Hac Vice*
gbrenner@proskauer.com

**PROSKAUER ROSE LLP**
1001 Pennsylvania Ave., NW
Suite 600 South
Washington, DC 20004
Tel: (202) 416-6800
Fax: (202) 416-6899

*Attorneys for the Financial Oversight and Management Board for Puerto Rico*

</td></tr>
</table>

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 4, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record, and all CM/ECF participants in the case.

/s/ *Luis F. del Valle Emmanuelli*

Luis F. del Valle Emmanuelli
USDC No. 209514
devlawoffices@gmail.com

**DEL VALLE EMMANUELLI LAW OFFICES**
PO Box 79897
Carolina, PR 00984-9897
Tel: (787) 977-1932
Fax: (787) 722-1932

*Attorney for the Financial Oversight and Management Board for Puerto Rico*