IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CENTRO DE PERIODISMO INVESTIGATIVO,<br>    Plaintiff,<br><br>v.<br><br>FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>    Defendant. | Civil No. 17-1743 (JAG/BJM) |

## REPORT AND RECOMMENDATION

Centro de Periodismo Investigativo ("CPI") filed a complaint against the Financial Oversight and Management Board for Puerto Rico ("the Board") seeking to enforce its right of public access of information pursuant to the Constitution of the Commonwealth of Puerto Rico. Dkt. 1. CPI seeks injunctive relief from the Board in the form of disclosure of Board documents and communications. Dkt. 1 at 20–21. Now before the court is CPI's motion to compel disclosure of financial statements from Board members related to a period before their appointment to the Board. Dkt. 75.[1] The Board opposed. Dkt. 79.

### BACKGROUND

In response to CPI's initial complaint, the Board sought to reassign the case to the judge overseeing bankruptcy proceedings and moved to dismiss the motion for failure to state a claim and lack of subject matter jurisdiction. Dkt. 22. The parties exchanged motions. On February 20, 2018, District Judge Jay García-Gregory issued a ruling on the motion to dismiss. Dkt. 36.

Judge García-Gregory ordered the Board to produce the documents CPI requested unless there existed adequate support from Puerto Rico law to withhold a document. Dkt. 36 at 33–34. Judge García-Gregory then referred the case "to a Magistrate Judge to establish case management deadlines for the production of the requested documents. The Magistrate Judge will handle discovery disputes, provided the parties have complied with the meet and confer requirements of

---

[1] Also before the court are the parties' disputes over the documents that the Board contends are privileged and protected from disclosure and CPI's amended motion to find the Board in contempt. They will be addressed in a separate filing.

Case 3:17-cv-01743-JAG-BJM   Document 100   Filed 05/31/19   Page 2 of 9

Centro de Periodismo Investigativo v. Financial Oversight and Management Board for Puerto Rico
Civil No. 17-1743 (JAG/BJM)                                                                                                    2

Local Rule 26(b) and have adequately justified any request for a protective order." Dkt. 36 at 34. He issued an order stating:

> ORDER REFERRING CASE to Magistrate Judge Bruce McGiverin for an ISC and to set discovery deadlines. The parties shall raise any issues they might have regarding the process of producing the documents. The Magistrate shall, in his discretion, hold hearings or create case management orders. All discovery issues shall be addressed by the Magistrate in the first instance. The Magistrate shall set his own procedures to address any discovery issues.

Dkt. 37.

A flurry of motions followed, and the parties met for an initial scheduling conference in early June 2018. Dkt. 50. The parties summarized their positions. CPI stated its desire for all public documents and for privilege logs with any documents the Board withheld. Dkt. 50 at 2–3. CPI filed the instant motion in compliance with an order to set forth its legal position with respect to the Board members' pre-appointment financial disclosures. *See* Dkt. 74. The parties have continued to dispute the scope of document review and production for the other categories of documents which CPI requested but confined their arguments on this issue to the mentioned briefs. Dkt. 75; Dkt. 79.

## DISCUSSION

### I.   Jurisdiction of a Magistrate Judge

As an initial matter, I must address the extent to which I, a magistrate judge, have authority to grant the relief CPI requests, that is, to oblige the Board to produce the disputed documents. Importantly, CPI's complaint states: "The plaintiff is seeking solely declaratory, injunctive and mandamus relief, requesting access to information. No damages are sought herein." Dkt. 1 at 3. As relief, CPI seeks:

1. A Declaratory Judgment that the actions of the Junta in effectively denying access to the documents and information set forth in ¶¶ 4.4 to 4.26 above.

2. Issue a preliminary injunction and a permanent injunction ordering the Junta to deliver to the Centro de Periodismo Investigativo the following documents. . . .

Case 3:17-cv-01743-JAG-BJM   Document 100   Filed 05/31/19   Page 3 of 9

Centro de Periodismo Investigativo v. Financial Oversight and Management Board for Puerto Rico
Civil No. 17-1743 (JAG/BJM)                                                                                           3

    3. Issue a Writ of Mandamus requiring the Junta to comply with its ministerial duty to provide the information and documents set forth in the previous paragraph.

    4. Issue whatever other relief this court deems just and appropriate.

Dkt. 1 at 19–22. Judge García-Gregory referred this case to me "to establish case management deadlines for the production of the requested documents. The Magistrate Judge will handle discovery disputes, provided the parties have complied with the meet and confer requirements of Local Rule 26(b) and have adequately justified any request for a protective order." Dkt. 36 at 34. This is not a case in which parties are seeking to discover information as they move toward a potential trial. Here, production of documents itself constitutes the injunctive relief CPI seeks.

    A magistrate judge has more limited jurisdiction and powers than an Article III judge. "Notwithstanding any provision of law to the contrary:"

> a judge may designate a magistrate [magistrate judge] to hear and determine any pretrial matter pending before the court, *except a motion for injunctive relief*, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's [magistrate judge's] order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A) (emphasis added).

    A district court cannot confer jurisdiction on a magistrate judge unless permitted by statute. *U.S. Steelworkers of Am., AFL-CIO v. Bishop*, 598 F.2d 408, 411 (5th Cir. 1979). In *U.S. Steelworkers*, the Fifth Circuit ruled that a magistrate lacked "the power under 28 U.S.C.A. § 636 to enter the injunction in the contract case even if the district court could have entered it." *Id*. When a court inappropriately confers jurisdiction, or when a magistrate judge independently exceeds his authority, the court may exercise its discretion to construe the magistrate's order as a recommendation. *United States v. Christo*, 907 F. Supp. 519, 521 (citing *United States v. First Nat'l Bank*, 628 F.2d 871, 873 (5th Cir. 1980)); *see also United States v. Mueller*, 930 F.2d 10, 12

Case 3:17-cv-01743-JAG-BJM   Document 100   Filed 05/31/19   Page 4 of 9

Centro de Periodismo Investigativo v. Financial Oversight and Management Board for Puerto Rico
Civil No. 17-1743 (JAG/BJM)                                                                                                                              4

(8th Cir. 1991) (affirming district judge's decision to construe magistrate's order enforcing an IRS summons as recommendation after conducting de novo review based on the parties' written objections). Moore's Federal Practice agrees: "If a magistrate judge erroneously enters an order purporting to determine a dispositive matter, a district judge reviewing the order may ignore the form of the decision and treat it as a recommendation." Moore's Federal Practice § 72.08. This jurisdictional limitation is an important one. Even where a magistrate judge recommends a preliminary injunction, the district court must conduct a de novo review of that recommendation prior to adopting it. In one instance, the Eleventh Circuit vacated and remanded an adopted report recommending a preliminary injunction because the district court failed to properly review the magistrate judge's assessment and factual findings. *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507 (11th Cir. 1990); *accord Cok v. Forte*, 69 F.3d 531 (1st Cir. 1995) (per curiam) (affirming adoption of report recommending injunction because district judge conducted complete review of record).

      Federal courts are courts of limited jurisdiction, so they must consider their own subject matter jurisdiction. *See Louisville & N. R. Co. v. Mottley*, 211 U.S. 149 (1908). Like any other federal judge, a magistrate judge has the authority and duty to raise issues or jurisdictional authority *sua sponte* and to otherwise police the court's jurisdictional bounds. Fed. R. Civ. P. 12(h)(3); *see, e.g.*, *SS&C Techs., Inc. v Providence Inv. Mgmt.*, 582 F. Supp. 2d 255, 256 (D. Conn. 2008) ("The magistrate judge declines to enter an injunction for a variety of reasons, the most important being that he lacks the authority to do so.").

      Here, the matter presently before the court goes beyond a magistrate judge's authority to resolve disputes and set deadlines regarding discovery of evidence; rather, it goes to the heart of whether or not CPI's request for injunctive relief should be granted as to a certain category of documents in question, namely the Board members' pre-appointment financial disclosures. As such, I find that for me to dispose of this issue would exceed both the scope of the referral order and the authority bestowed by 28 U.S.C. § 636(b).

      I will therefore address this in a report and recommendation. Parties who disagree with that report and recommendation "may serve and file written objections" with the referring judge. *Id.* at

Case 3:17-cv-01743-JAG-BJM   Document 100   Filed 05/31/19   Page 5 of 9

Centro de Periodismo Investigativo v. Financial Oversight and Management Board for Puerto Rico
Civil No. 17-1743 (JAG/BJM)                                                                                          5

§ 636(b). Parties who disagree with that report and recommendation "may serve and file written objections." *Id.* at § 636(b).

## II.     Board Members' Pre-appointment Financial Disclosures

The Constitution of the Commonwealth of Puerto Rico enshrines the right to freedom of speech in Article II, Section 4. The Puerto Rico Supreme Court recognizes in that right the public right of access to information. *Espacios Abiertos v. Roselló Nevares*, Civil. No. SJ 2018-cv-09718 (P.R. Cir. Mar. 6, 2019) *certified translation at* Dkt. 91-3 at *13 (citing *Lopez Vives v. Policia de P.R.*, 118 D.P.R. 219, 230 (1987)). The Puerto Rico Supreme Court has described that right of public access as fundamental, constitutional, and intertwined with the freedoms of speech and press. *Bhatia Gautier v. Roselló Nevares*, 199 D.P.R. 59 (P.R. 2017) *certified translation* at Dkt. 91-2 at *17. While the right of public access is vital to "effective participation of citizens" in the government which represents and serves them, it is not absolute. *Id.* at *17–18. It encompasses only public documents, defined as "every document that is originated, conserved or received in any office of the Commonwealth of Puerto Rico pursuant to the law and related to the management of the public matters." *Id.* at *18 (citing 3 L.P.R.A. § 1001(b) (2011)).

The state, here the Board, may claim confidentiality, thus defeating the public right of access, when:

> (a) a law so declares; (2) the communication is protected by one of the evidentiary privileges that the citizens may invoke; (3) reveal the information may injure the fundamental rights of third parties; (4) it deals with the identity of a confidante and (5) it is 'official information' pursuant to Rule 514 of Evidence, 2009, 32 L.P.R.A. Ap. VI (2010) (formerly Rule 31).

*Bhatia*, Dkt. 91-2 at *19 (citing *Colon Cabrera v. Caribbean Petroleum*, 170 D.P.R. 582 (P.R. 2007)).

The Board has the burden to prove that one of these exceptions applies and validates its claims of confidentiality for the financial disclosures. *Id.*; *see also* 48 U.S.C. § 2121(c)(2) (creating the Board as an entity within the Puerto Rican government). The Board, before addressing the applicable exceptions, offers an alternative ground for withholding documents. Dkt. 79 at 2 n.1.

Case 3:17-cv-01743-JAG-BJM   Document 100   Filed 05/31/19   Page 6 of 9

Centro de Periodismo Investigativo v. Financial Oversight and Management Board for Puerto Rico
Civil No. 17-1743 (JAG/BJM)                                                                                                6

The Board argues that section 105 of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA" or "the Act") immunizes the Board from liability for its "actions taken to carry out PROMESA," so it cannot be compelled to provide documents to CPI.[2] *Id*. The Opinion and Order issued in this case demonstrated why this misapprehends § 105 and why the public right of access coexists with PROMESA. *See* Dkt. 36 at 11–16. When addressing Congress's waiver of the Board's Eleventh Amendment immunity, Judge García-Gregory made clear that § 105 ought not be considered without the tempering effects of § 106. *Id.* at 12.

That approach applies equally here, and contextualizing § 105 demonstrates that the Board does not enjoy wholesale immunity. Section 106(a) grants federal courts exclusive jurisdiction over actions against the Board, for example, which indicates that the Board is indeed subject to the authority of the courts. Furthermore, Section 105 explicitly limits the Board's exemption from liability to obligations or claims against it, its members, or its employees "resulting from actions taken to carry out this [act]." This is not indiscriminate immunity but rather a strictly defined exemption from liability, which other provisions reinforce. Section 106(e) expressly shields the Board from "challenges to the Oversight Board's certification determinations" but leaves open the question of litigation seeking other ends. *See, e.g.*, *Nevares v. Fin. Oversight & Mgmt.*, 330 F. Supp. 3d 685, 695 (D.P.R. 2018) (finding "a material difference between an action seeking review" of budget determination and "seeking clarification as to effect of particular provisions"). Much as the court in *Nevares* found permissible questions which "implicate the impact, rather than the propriety, of the certification of the Fiscal Plan and Budget," inquiries that do not challenge protected certification determinations may go forward. Accordingly, this inquiry survives, and the Constitution of the Commonwealth of Puerto Rico and the Supreme Court of Puerto Rico provide the rules of decision that will apply in this case.

Before appointment to the Board, each future Board member submitted financial disclosure documents to the federal government. CPI seeks those documents. Dkt. 75. The Board certified

---

[2] PROMESA is codified at 48 U.S.C. § 2101 *et seq.* The court will refer to the uncodified version of the legislation throughout this report.

Case 3:17-cv-01743-JAG-BJM   Document 100   Filed 05/31/19   Page 7 of 9

Centro de Periodismo Investigativo v. Financial Oversight and Management Board for Puerto Rico
Civil No. 17-1743 (JAG/BJM)                                                                    7

that those documents were not in the Board's files, referring to both physical and electronic records. Dkt. 75 at 8; Dkt. 79 at 10 n.5. CPI contends that the certification's vague phrasing is insufficient, that policy justifications underlying financial disclosures make them public documents, and that discovery rules demand production of documents under the Board's control. Dkt. 75 at 7, 10, 12–13. The Board argues that the pre-appointment financial disclosures are not public documents and fall outside the scope of discovery rules. Dkt. 79 at 8–9.

The law considers "every document that is originated, conserved or received in any office of the Commonwealth of Puerto Rico pursuant to the law and related to the management of the public matters" to be public. 3 L.P.R.A. § 1001(b). "Any document not included in the foregoing definition" is considered a private document. 3 L.P.R.A. § 1001(c). The pre-appointment financial disclosures, by definition, could not have been "originated" by the Board. Individuals created those documents and submitted them to the federal government, so they would not have been received by a Commonwealth office. The Board certified that its office does not conserve these records. Dkt. 79 at 10 n.5. Neither its electronic nor its physical document files have ever included the pre-appointment disclosures, which accords with the federal requirement and federal recipient of those documents. *See id.*

The pre-appointment financial disclosures are private documents by definition, which excludes them from the public right of access. *See Bhatia,* Dkt. 91-2 at *18. CPI's invocation of the importance of public access to support financial disclosures overlooks the future Board members' then-status as private citizens. CPI's policy arguments for disclosing to the public these records are valid, but they are fulfilled in the public financial disclosures made by each Board member quarterly on its website and annually pursuant to PROMESA § 109(b). *See* Dkt. 79 at 6. Section 109(b) requires Board members and staff to make annual financial disclosures in accordance with the Ethics in Government Act of 1978, 5 U.S.C. App. § 102. Before individuals joined the Board, they were private citizens; a financial disclosure made during the appointment process is akin to a background check performed in the course of job interviews. Similarly,

Case 3:17-cv-01743-JAG-BJM   Document 100   Filed 05/31/19   Page 8 of 9

Centro de Periodismo Investigativo v. Financial Oversight and Management Board for Puerto Rico
Civil No. 17-1743 (JAG/BJM)                                                                                                                      8

financial disclosures do not lose all value because they are to the hiring entity rather than the public.

CPI also contends that the financial disclosures should be produced because individual Board members likely retain their pre-appointment financial disclosure documents. Dkt. 75 at 13. CPI argues that Federal Rule of Civil Procedure 34 renders discoverable documents which are "in the responding party's possession, custody, or control," and documents held by Board members qualify as in the Board's "control." The argument, as the Board correctly notes, overlooks that CPI sought injunctive relief based on its public right of access claims pursuant to the Constitution and laws of Puerto Rico. CPI cannot magnify the scope of the documents it seeks at this stage to include private documents that may or may not exist in individual Board members' possessions. Rule 26(b) limits the scope of discovery contemplated in Rule 34: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to the party's claim or defense and proportional to the needs of the case." Fed. R. Civ. Pro. 26(b)(1). The case concerns public documents to which the public has a right of access, and the issue is which public documents must be disclosed and which may be kept confidential. Private documents are outside the scope of discoverable materials. Because there is no public right of access to these documents, the court should deny CPI's motion to compel their production.

## CONCLUSION

For the foregoing reasons, the motion to compel disclosure of Board members' financial statements prior to their appointments should be **DENIED**.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within fourteen days** of its receipt. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to appellate review. *See Thomas* v. *Arn*, 474 U.S. 140, 155 (1985); *Davet* v. *Maccorone*, 973 F.2d 22, 30–31 (1st Cir. 1992); *Paterson-Leitch Co.* v. *Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988); *Borden* v. *Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

Case 3:17-cv-01743-JAG-BJM   Document 100   Filed 05/31/19   Page 9 of 9

Centro de Periodismo Investigativo v. Financial Oversight and Management Board for Puerto Rico
Civil No. 17-1743 (JAG/BJM)                                                                                                              9

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico, this 31st day of May, 2019.

                                            *S/ Bruce J. McGiverin*
                                            BRUCE J. MCGIVERIN
                                            United States Magistrate Judge