## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------X

CENTRO DE PERIODISMO INVESTIGATIVO,

    Plaintiff,

v.                                                                          Civil No. 17-1743 (JAG)

FINANCIAL OVERSIGHT AND MANAGEMENT
BOARD FOR PUERTO RICO,

    Defendant.

---------------------------------------------------------------X

FINANCIAL OVERSIGHT AND MANAGEMENT
BOARD FOR PUERTO RICO,

    Movant,

v.

CENTRO DE PERIODISMO INVESTIGATIVO,

    Defendant.

---------------------------------------------------------------X

**LIMITED OBJECTION OF THE FINANCIAL OVERSIGHT AND MANAGEMENT
BOARD FOR PUERTO RICO TO REPORT AND RECOMMENDATION**

## **TABLE OF CONTENTS**

                              **Page**

PRELIMINARY STATEMENT .................................................................................................. 1

BACKGROUND .......................................................................................................................... 2

ARGUMENT ................................................................................................................................ 3

      A.      The Opinion and Order on Which the Report and Recommendation Relies Did Not Discuss PROMESA § 105. ............................................................................ 4

      B.      The Report and Recommendation's Interpretation of PROMESA § 105 Is Incorrect. ............................................................................................................... 5

CONCLUSION ............................................................................................................................. 9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*,
   330 F. Supp. 3d 685 (D.P.R. 2018) (appeal pending)............................................................7

*In re Fin. Oversight and Mgmt. Bd. of P.R.*,
   297 F. Supp. 3d 269 (D.P.R. 2018), *appeal docketed*, No. 18-1214 (1st Cir.) .........................8

*Lowe v. S.E.C.*,
   472 U.S. 181 (1985) ................................................................................................................8

*UTIER v. PREPA*,
   Case No. 17-BK-4780-LTS, Adv. Proc. No. 17-ap-229-LTS, slip op. (D.P.R.
   Sept. 26, 2018) ...................................................................................................................5, 6

**STATUTES**

48 U.S.C. § 2125 ..............................................................................................................................5

Fed. R. Civ. P. 72(b)(2) ...................................................................................................................3

Fed. R. Civ. P. 72(b)(3) ...................................................................................................................3

PROMESA § 105.................................................................................................................... passim

PROMESA § 106.................................................................................................................... passim

To the Honorable United States District Judge Jay A. García-Gregory:

The Financial Oversight and Management Board for Puerto Rico (the "Board") respectfully submits this limited objection (the "Limited Objection") to the Report and Recommendation issued by Magistrate Judge Bruce McGiverin on May 31, 2019 [ECF No. 100] (the "Report and Recommendation").

## PRELIMINARY STATEMENT

The Board agrees with the Report and Recommendation's denial of Centro de Periodismo Investigativo's ("CPI" or "Plaintiff") motion to compel disclosure (the "Motion") of financial disclosure forms prepared by candidates for Board membership submitted to the federal government prior to their appointment to the Board. The Board respectfully submits this Limited Objection solely with respect to the Report and Recommendation's recommendations regarding the application of PROMESA § 105. The Report and Recommendation's holding (in *dicta*) that § 105 does not "immuniz[e]" the Board from actions seeking to compel it to provide documents mis-states this Court's opinion and order of May 4, 2018 (the "Order") and is based on a misreading of the statute.

The Report and Recommendation determines that CPI's requested relief is not precluded by PROMESA § 105 because this Court's Order purportedly makes clear that § 105 "ought not be considered without the tempering effects of § 106." Report and Recommendation at 6. In fact, this Court's Order does not mention § 105.[1] According to the Report and Recommendation, when read in conjunction with § 106, § 105 provides the Board only limited exemptions from

---

[1] For ease of reference, PROMESA § 105 reads as follows:

**Sec. 105. Exemption From Liability For Claims.**

The Oversight Board, its members, and its employees shall not be liable for any obligation of or claim against the Oversight Board or its members or employees or the territorial government resulting from actions taken to carry out this Act.

liability because: (1) § 106(a) grants federal courts "exclusive jurisdiction over actions against the Board," and (2) § 106(e) "expressly shields the Board from 'challenges to the Oversight Board's certification determinations' but leaves open the question of litigation seeking other ends." *Id.*

This analysis is flawed for at least two reasons: *first*, the Order on which the Report and Recommendation bases its holding neither references nor relies upon § 105 in denying the Board's motion to dismiss; and *second*, nothing in § 106 limits the exemption from liability for "any obligation of or claim against" the Board or its members or employees found in § 105. Indeed, § 106(e) cannot temper § 105 because § 106(e) deprives federal courts of subject matter jurisdiction in the first place, while § 105 is only triggered when the court has subject matter jurisdiction. This Court's Order held that sovereign immunity does not bar this action, as § 106 allows the Board to be sued. Once sued, § 105 comes into play. An action against the Oversight Board for a declaratory judgment may result in a declaratory judgment in many instances, but pursuant to the plain language of § 105, cannot result directly or indirectly in the imposition of a liability or obligation. For these reasons, the Report and Recommendation's *dicta* regarding § 105 should be rejected by this Court.

## BACKGROUND

On January 24, 2019, this Court ordered the parties to "file a Joint Motion by January 31, 2019 informing the Court as to the status of" the Board's production of documents in response to the document demands in CPI's complaint. ECF No. 70. The order further provided that after the parties made that submission "Magistrate Judge McGiverin will schedule and hold a Status Conference (in line with this Court's referral order at Docket No. 37) to address all pending discovery-related disputes, concerns and questions, including CPI's Motion at Docket No. [69] for a Finding of Contempt and the Imposition of Fines against the Board." *Id.*

2

On January 31, 2019, the parties submitted a joint status report in which they identified one dispute beyond those addressed by CPI's Motion for a Finding of Contempt and the Imposition of Fines against the Board: whether the Board is required to provide CPI with financial disclosure forms prepared by candidates for Board membership that were submitted to the federal government *before* their appointment to the Board, when the candidates were still private citizens. ECF No. 73. By order dated February 1, 2019, Magistrate Judge McGiverin ordered the parties to brief this discrete issue. ECF No. 74.

Following submission of the parties' briefs and a hearing held on March 1, 2019, ECF Nos. 76 & 79, Magistrate Judge McGiverin entered the Report and Recommendation, which correctly recommended this Court deny CPI's motion to compel the disclosure of financial statements from Board members "related to a period before their appointment to the Board." Report and Recommendation at 1. In reaching this conclusion, however, the Report and Recommendation stated that PROMESA § 105 does not provide a separate basis for denying Plaintiff the relief it sought. The Board submits this Limited Objection solely to object to the portion of the Report and Recommendation addressing PROMESA § 105.

## ARGUMENT

A party may file an objection to a magistrate judge's recommended disposition of a dispositive matter within 14 days of service of a copy of that recommendation. Fed. R. Civ. P. 72(b)(2). The district judge must review *de novo* any part of the magistrate judge's recommended disposition that has been properly objected to, and may accept, reject, or modify the recommendation. Fed. R. Civ. P. 72(b)(3). Because the Report and Recommendation contains *dicta* contrary to the plain language of PROMESA § 105, this Court should, on *de novo* review, modify the Report and Recommendation either to exclude that unnecessary *dicta* (given

3

the end-result) or to hold that CPI's motion to compel must be denied for the additional reason that PROMESA § 105 precludes CPI from compelling the Board to produce documents.

      **A.**      **The Opinion and Order on Which the Report and Recommendation Relies Did Not Discuss PROMESA § 105.**

According to the Report and Recommendation, "Judge García-Gregory made clear [in the Order] that § 105 ought not to be considered without the tempering effects of § 106," and that "[t]hat approach applies equally here." Report and Recommendation at 6. The Report and Recommendation then applies the analytical framework it contends is set out in the Order to find that "the Board does not enjoy wholesale immunity" under § 105. Report and Recommendation at 6.

But the Order did not address § 105—indeed, neither party addressed § 105 in the briefing leading up to this Court's decision, and the Order contains no reference to that provision. The Report and Recommendation cites pages 11 through 16 of the Order as support for its holding that § 106 "tempers" § 105. *Id*. at 6. That section of the Order, however, addresses only the Board's argument that it is entitled to immunity under the Eleventh Amendment, not the separate question of whether the Board is insulated by § 105 from liability for "obligation[s] of or claim[s] against" it. *See* ECF No. 36 at 11-16.

The Order holds § 106's grant of jurisdiction to federal courts over suits against the Board means that "Congress meant to subject the Board to" lawsuits against it, and therefore, the Board cannot be immune from all suits. Order at 12. But, it does not follow that because this Court may hear claims against the Board, that § 105's exemption can be ignored. That would be contrary to basic principles of statutory interpretation. Indeed, as explained below, the jurisdictional grant in § 106(a) simply provides a forum for those suits that are properly brought against the Board, and has no bearing on the scope of § 105's exemption from liability. Just

4

because a case may be brought against the Board does not mean, in light of § 105, that all relief sought in such a case may be granted.

### B. The Report and Recommendation's Interpretation of PROMESA § 105 Is Incorrect.

The Report and Recommendation held that § 105 does not preclude this Court from compelling the Board to produce documents generated in the course of carrying out its duties under PROMESA. This conclusion cannot be squared with the plain language of the statute, which states: "[t]he Oversight Board, its members, and its employees shall not be liable for any obligation of or claim against the Oversight Board or its members or employees or the territorial government resulting from actions taken to carry out" PROMESA. 48 U.S.C. § 2125. In enacting this provision, Congress recognized the Board's full attention would be required for Puerto Rico's recovery efforts to be successful. It therefore enacted measures, including § 105, to protect the Board from remedies that would distract it from its task or deter it from acting, and that would include lawsuits imposing obligations on it such as to locate, review, screen for privilege, and produce thousands of documents. *See UTIER v. PREPA*, Case No. 17-BK-4780-LTS, Adv. Proc. No. 17-ap-229-LTS, slip. op. at 29 (D.P.R. Sept. 26, 2018) (dismissing Contract Clause claims seeking declaratory relief against Board pursuant to PROMESA § 105).

It is indisputable that the Board necessarily receives and generates documents in its work to carry out PROMESA. The maintenance, use, and protection of the Board's documents are quintessentially actions taken to carry out PROMESA. Indeed, CPI itself acknowledges this fact. In its Complaint, CPI expressly states that it seeks the requested documents to report on matters relating to how the Board is carrying out its duties under PROMESA. ECF No. 1 at 5.15, 5.16, 5.22. CPI's subsequent submissions further confirm it seeks the requested documents for the purpose of writing news reports regarding the Board's activities in carrying out PROMESA.

5

ECF No. 63 at 7-8; ECF No. 62 at 1-2; ECF No. 68-1 at 7-8.  Under PROMESA § 105, the Board cannot be liable for failing to comply with the requests made by CPI in the Complaint.

The Report and Recommendation holds that PROMESA §§ 106(a) and 106(e), read together with PROMESA § 105, "demonstrate[]" that § 105 does not grant the Board "wholesale immunity."  *Id.* at 6.  That is a red herring.  The Board has not contended and does not contend § 105 provides it with "wholesale immunity."  Rather, the Board merely pointed out that the relief sought in this matter is unavailable due to the restrictions imposed by § 105.

The fact § 106(a) grants jurisdiction to the federal courts over suits against the Board does not require the Court to narrowly construe the exemption from liability the Board enjoys pursuant to § 105.[2]  Two of the many actual actions against the Board brought under the general jurisdictional grant of § 106(a)—one of which was dismissed pursuant to § 105, and one of which was not dismissed—make this clear.  In *UTIER v. PREPA*, Case No. 17-BK-4780-LTS, Adv. Proc. No. 17-229-LTS, slip op. at 29 (D. P.R., Sept. 26, 2018), the union sued the Board and others because the Commonwealth had enacted legislation that a fiscal plan relied on and implemented.  The legislation required employees of PREPA to use their accumulated vacation and sick leave rather than monetize them, notwithstanding the collective bargaining agreement that allowed the unused benefits to be monetized.[3]  The District Court dismissed that action pursuant to PROMESA § 105 because it was an action to impose liability on the Board and its executive director based on acts they took to carry out PROMESA.  Conversely, when the

---

[2] Indeed, given the Court's ultimate determination on the question before it, there was no need for it to address the § 105 issue.

[3] Presumably because of the automatic stay, in *UTIER* the union requested a declaratory judgment that the Board and its executive director (and others) had unconstitutionally impaired the union's collective bargaining agreement, causing the union and its members to incur damages.  Such a declaration would create an obligation on the part of the Board.

Governor sued the Board for a declaratory judgment that he could treat provisions in certified fiscal plans as mere recommendations he was free not to adopt, the District Court ruled it had subject matter jurisdiction to adjudicate the Governor's claim, and it did so. *In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*, 330 F. Supp. 3d 685, 694-97 (D.P.R. 2018) (appeal pending). The action did not attempt to impose directly or indirectly either a claim or an obligation on the Board or its agents. Rather, it requested a determination as to whether provisions the Board put in its certified fiscal plan were mandatory or within the Governor's discretion to reject. In other words, the action sought a declaration as to "the effect and enforceability of certain provisions" of the Board's fiscal plan; it did not impose on the Board any obligations or of claims against it pursuant to its actions taken pursuant to PROMESA. *Id.* at 694. Because it grants federal jurisdiction over "*any* action against the Oversight Board," such as the one the Governor brought that does not seek to make the Board or its members liable for obligations or liabilities, PROMESA's grant of jurisdiction to the district court is consistent with PROMESA § 105's exemption from liability.

Section 106(e) likewise does not narrow or eliminate the protections of § 105. According to the Report and Recommendation, because PROMESA § 106(e) only shields the Board from "'challenges to [its] certification determinations,' and leaves open the question of litigation seeking other ends," "inquiries that do not challenge protected certification determinations," such as this one, may go forward. Report and Recommendation at 6 (citing *In re Fin. Oversight & Mgmt. Bd.*, 330 F. Supp. 3d at 695). But the fact that § 106(e) does not divest the federal courts of jurisdiction over all suits against the Board has no bearing on the scope of § 105's exemption of liability for the Board. If Congress intended the Board to be fully liable for any claim that could be brought against it (*i.e.*, claims outside the § 106(e) prohibition), there would have been

7

no need to include § 105 in PROMESA.  It is, of course, a fundamental principle of statutory interpretation that a court "must give effect to every word that Congress used in the statute." *Lowe v. S.E.C.*, 472 U.S. 181, 207 n.15 (1985).   The Report and Recommendation's interpretation of PROMESA violates this canon of statutory construction by effectively reading § 105 out of PROMESA.

Section 106(e) further demonstrates the lack of CPI's right to access documents impacting the Board's ability to carry out its duties.  Section 106(e) provides: "There shall be no jurisdiction in any United States district court to review challenges to the Oversight Board's certification determinations under this [Act]."  Although CPI is not challenging a certification determination, it is nevertheless significant that Congress went to the extraordinary length of insulating the Board from any District Court's interference with its decisions on fiscal plans, budgets, restructuring petitions, and the like.  This comprises nearly all the Board's duties under PROMESA.  Section 106(e) protects the Board from pressures by creditors, the government, the public, and the courts, thereby enabling it to make certification decisions based on its best judgments without being pressured by the creditors to provide less public services and the people to provide more.  It would be incongruous for Congress to have protected the Board from such pressures, while opening up the Board to discovery of everything involved in its decision-making processes that cannot be challenged.  By analogy, when litigants complained the Board made wrong decisions in its work on fiscal plans, Judge Swain ruled: "To be meaningful, denial of jurisdiction to review the certification of the Fiscal Plan thus must be understood to preclude the review of claims that particular aspects of the Fiscal Plan are noncompliant with Section 201(b) requirements." *In re Fin. Oversight and Mgmt. Bd. of P.R.*, 297 F. Supp. 3d 269, 283 (D.P.R. 2018), *appeal docketed*, No. 18-1214 (1st Cir.).

## CONCLUSION

For the foregoing reasons, the Court should modify the Report and Recommendation to the limited extent of excluding the *dicta* concerning § 105, or holding that CPI's motion to compel disclosure of documents is also precluded by § 105.

| | |
|---|---|
| Dated:  June 14, 2019<br>San Juan, Puerto Rico | Respectfully submitted,<br>*Luis F. del Valle*<br>Luis F. del Valle-Emmanuelli<br>USDC-PR No. 209514<br>dvelawoffices@gmail.com<br><br>**DEL VALLE EMMANUELLI LAW OFFICES**<br>P.O. Box 79897<br>Carolina, Puerto Rico 00984-9897<br>Tel.: 787-977-1932<br>Fax: 787-722-1932<br><br>*/s/ Guy Brenner*<br>Guy Brenner (*pro hac vice*)<br><br>**PROSKAUER ROSE LLP**<br>1001 Pennsylvania Ave., NW<br>Suite 600 South<br>Washington, DC 0004<br>Tel.: 202-416-6800<br>Fax: 202-416-6899<br>Email: gbrenner@proskauer.com<br><br>*Attorneys for the Financial Oversight and Management Board for Puerto Rico* |

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on June 14, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record, and all CM/ECF participants in the case.

*/s/ Luis F. del Valle*
Luis F. del Valle Emmanuelli
USDC No. 209514
devlawoffices@gmail.com

**DEL VALLE EMMANUELLI LAW OFFICES**
PO Box 79897
Carolina, PR 00984-9897
Tel: (787) 977-1932
Fax: (787) 722-1932

*Attorney for the Financial Oversight and Management Board for Puerto Rico*