## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CENTRO DE PERIODISMO INVESTIGATIVO, | Civil No. 2017-1743 (JAG) (BJM) |
| Plaintiff, | (consolidated) |
| v. | |
| FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| Defendant. | |
| CENTRO DE PERIODISMO INVESTIGATIVO, | Civil No. 2019-1936 (JAG) |
| Plaintiff, | (consolidated) |
| v. | |
| FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| Defendant. | |
| FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| Defendant-Movant. | |
| v. | |
| CENTRO DE PERIODISMO INVESTIGATIVO, | |
| Plaintiff-Respondent | |

**URGENT MOTION OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO FOR ORDER CONFIRMING PROMESA § 106(C) AUTOMATICALLY STAYS THE DEADLINES SET BY THE COURT IN ITS MARCH 2021 ORDERS, OR ALTERNATIVELY STAYING SUCH ORDERS PENDING APPEAL**

To the Honorable United States District Judge García-Gregory:

Defendant Financial Oversight and Management Board for Puerto Rico (the "<u>Board</u>") respectfully submits this motion for an order confirming PROMESA § 106(c) automatically stays the deadlines in the Court's March 2021 orders, or alternatively granting a stay pending the Board's appeals to the United States Court of Appeals for the First Circuit.

## <u>PRELIMINARY STATEMENT</u>

The instant action was brought by a public-interest entity to compel the Board to produce documents.  Unlike normal actions where the production of documents is an element of discovery before the merits can be decided, here the merits of the action is the production of documents the Board contends it is immune from producing. The order directing the Board to provide a privilege log is therefore an order granting an integral part of the ultimate relief requested.

The Board has appealed two orders issued by this Court rejecting the Board's sovereign-immunity defense and its defenses under the Puerto Rico Oversight Management and Economic Stability Act ("<u>PROMESA</u>"), including its defense under PROMESA § 105, 48 U.S.C. § 2125.[1] PROMESA § 106(c) provides, "[e]xcept with respect to any orders entered to remedy constitutional violations, no order of any court granting declaratory or injunctive relief against the Oversight Board . . . shall take effect during the pendency of the action before such court, during the time appeal may be taken, or (if appeal is taken) during the period before the court has entered its final order disposing of such action."  48 U.S.C. § 2126(c).  The two appealed orders declare PROMESA § 105 and the Eleventh Amendment do not immunize the Board from disclosure, and the orders require the Board to prepare and file a privilege log necessitating review of thousands

---

[1] Both orders are immediately appealable under the collateral-order doctrine.  *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993).

of documents and to file an answer.  Because it is impracticable for this motion to be considered and determined prior to the deadline for filing an answer, the Board will timely file the answer to avoid imposing a burden on the Court and appellee.  The Board requests, however, that, after the answer is filed, the Court confirm § 106(c) automatically stays the orders on appeal, or alternatively grant a stay pending appeal.

The First Circuit has held a case must be stayed pending an appeal of an immunity question unless the appeal is frivolous (which these appeals are certainly not).  *Hegarty v. Somerset Cty.*, 25 F.3d 17, 18 (1st Cir. 1994).  In the words of the First Circuit, "[u]ntil this threshold immunity question is resolved, discovery should not be allowed," and a stay "ordinarily must carry over through the *appellate court's* resolution of that [immunity] question."  *Id.* (emphasis in original) (quotation marks and citation omitted).

Each of the traditional four factors for a stay pending appeal are amply satisfied here.  *First*, the Board has strong arguments on appeal that this case should be dismissed on sovereign-immunity grounds and because PROMESA prohibits the relief requested.  At the very least, the Board's appeals raise serious questions of first impression at the appellate level, which counsels in favor of a stay while the First Circuit resolves those issues.  *See Providence Journal Co. v. FBI*, 595 F.2d 889, 890 (1st Cir. 1979).

*Second*, the Board would be irreparably harmed absent a stay.  The Eleventh Amendment and PROMESA § 105 protect the Board from having to litigate this case at all.  As explained in *Hegarty*, sovereignty interests would be irreparably harmed if the Board is forced to defend against this suit while its appeals are pending.  Moreover, unless a stay is granted, the Board may be forced to produce documents and a privilege log during the pendency of its appeals.  That would render the Board's appeals meaningless because once the Board produces its documents, their disclosure

will be irreversible and the time and expense to review thousands of documents and to prepare a privilege log will be irretrievably lost.

*Third*, a stay would not impose any meaningful harm on Plaintiff Centro de Periodismo Investigativo ("CPI"). The Board will request that the Court of Appeals expedite the appeals, so at most CPI would have to wait a few months before receiving any documents to which it might be entitled.

*Fourth*, the public interest would be served by issuing a stay, which would protect the Board from the time and expense of burdensome litigation and disclosure obligations that may prove unnecessary as it works to resolve the Commonwealth's fiscal emergency.

## PROCEDURAL HISTORY

CPI brought this action in 2017 to compel the Board to produce sixteen broad categories of documents pursuant to Article II, § 4 of the Puerto Rico Constitution. ECF No. 1. The Board moved to dismiss CPI's complaint on statutory and sovereign-immunity grounds and because PROMESA preempts any Puerto Rico law requiring the Board to disclose its work product and communications. ECF No. 22. The Court denied the Board's motion to dismiss. ECF No. 36.

Because the order denying the Board's motion to dismiss rejected a sovereign-immunity defense, the Board had the right to seek an immediate interlocutory appeal. *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). Nevertheless, in a good-faith effort to cooperate with CPI, the Board declined to take an immediate appeal and agreed to voluntarily produce thousands of documents to CPI without waiving its defenses, including its sovereign-immunity defense. To date, the Board has produced 18,419 documents to CPI, totaling 67,704 pages.

There are six limited categories of documents remaining in dispute. The Board has asserted those categories of documents are privileged or otherwise not subject to disclosure under

4

Commonwealth and/or federal law.  On July 31, 2019, Magistrate Judge Bruce J. McGiverin entered an *Order and Report & Recommendation* ("R&R") concerning those categories of documents.  ECF No. 108.  Magistrate Judge McGiverin recommended denying CPI's request for production as to certain categories of documents.  With respect to other categories, which total thousands of documents, he ordered the Board to produce a privilege log.

The Board objected to the R&R, arguing (among other things) the Board is protected from producing any documents or privilege log by PROMESA § 105 and again citing its sovereign-immunity defense.  ECF No. 110.  While the Board's objection to the R&R was pending, CPI filed a second complaint, seeking all communications between the Board and the Commonwealth and federal governments from April 30, 2018, onward.  The Board moved to dismiss CPI's second complaint, again asserting sovereign immunity as a jurisdictional bar and further arguing: (1) PROMESA § 105 forecloses the requested relief; (2) CPI's requests are overbroad; and (3) PROMESA preempts Puerto Rico's disclosure law.  Civ. No. 19-1936 JAG, ECF No. 10.  The Court consolidated CPI's second complaint with its first.  ECF No. 120.

On March 23, 2021, the Court adopted the Magistrate Judge's R&R and ordered the Board to produce a privilege log by April 23, 2021.  ECF No. 131.  The next day, the Court denied the Board's motion to dismiss CPI's second complaint and ordered the Board to answer that complaint by April 9, 2021.  ECF No. 133.  The Board has appealed both orders, ECF No. 134, and will request the Court of Appeals to expedite the appeals.  The Board now respectfully requests that the Court confirm that PROMESA § 106(c) stays the consolidated cases until those appeals are resolved, or alternatively grant a stay pending appeal.

## **LEGAL STANDARD**

PROMESA § 106(c) provides:

5

> TIMING OF RELIEF.—Except with respect to any orders entered to remedy constitutional violations, no order of any court granting declaratory or injunctive relief against the Oversight Board, including relief permitting or requiring the obligation, borrowing, or expenditure of funds, shall take effect during the pendency of the action before such court, during the time appeal may be taken, or (if appeal is taken) during the period before the court has entered its final order disposing of such action.

48 U.S.C. § 2126(c).

If the Court disagrees that PROMESA § 106(c) automatically stays the appealed orders, the Board is requesting a stay pending appeal. A district court has broad discretion to issue a stay pending the outcome of an appeal. *See Vaqueria Tres Monjitas, Inc. v. Comas*, 5 F. Supp. 3d 179, 181 (D.P.R. 2014). In deciding whether a stay is warranted, courts consider the following factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Diaz-Colon v. Toledo-Davila*, 980 F. Supp. 2d 214, 217 (D.P.R. 2013). If an appellant would be irreparably harmed absent a stay and the stay would cause appellee only minimal harm, the appellant "need not show an absolute probability of success in order to be entitled to a stay." *Providence Journal*, 595 F.2d at 890. Instead, the appellant need "only establish that the appeal raises serious and difficult questions of law in an area where the law is somewhat unclear." *Reaves v. Dep't of Correction*, 404 F. Supp. 3d 520, 522 (D. Mass. 2019) (quotation marks omitted); *see also Providence Journal*, 595 F.2d at 890. The third and fourth prongs of the four-factor test favor the movant where withholding a stay would destroy the chance for meaningful appellate review and a stay would merely postpone judgment for the non-movant. *Providence Journal*, 595 F.2d at 890.

## ARGUMENT

## I.   SECTION 106(c) AUTOMATICALLY STAYS THE APPEALED ORDERS.

PROMESA § 106(c) is clear.  No order granting declaratory or injunctive relief, except remedies for constitutional violations (inapplicable here), shall take effect during the action and during the appeal period.  48 U.S.C. § 2126(c).  Here, the order ruling the Board lacks sovereign immunity or immunity under PROMESA § 105 declares the Board's status and rights.  The order directing the Board to file a privilege log grants an integral portion of the ultimate relief CPI requested and is an affirmative injunction.  Moreover, if the orders are not stayed, the United States Court of Appeals for the First Circuit cannot grant relief undoing those things retroactively.

The Supreme Court has explained that orders are appealable as injunctions when they "have the practical effect of granting or denying injunctions and have serious, perhaps irreparable, consequence."  *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 287–88 (1988) (quotation marks omitted).  The orders under appeal satisfy both criteria.  The March 23 order overruling the Board's objection to the R&R is an injunction because it requires the Board to produce a privilege log. *See Comm. on the Judiciary of the U.S. House of Representatives v. Miers*, 542 F.3d 909, 910–11 (D.C. Cir. 2008) (finding an order to produce privilege log and non-privileged documents to be "the functional equivalent of an injunction").  Similarly, the March 24 order denying the Board's motion to dismiss rejected the Board's arguments for why it should be immune from any disclosure requirements under the Puerto Rico Constitution and thus virtually guarantees that the Board will have to produce documents to CPI.  Both orders also impose serious consequences that cannot be mitigated by a later appeal.  By requiring the Board to publicly disclose information in the form of documents and a privilege log, the Court's orders will force

the Board to "let the cat out of the bag without any effective way of recapturing it if the district court's directive was ultimately found to be erroneous." *Irons v. FBI*, 811 F.2d 681, 683 (1st Cir. 1987). Section 106(c) grants the Board the right to a full and fair appeal before any such orders take effect. Therefore, the Board respectfully submits this Court should confirm the appealed orders are stayed pending appeal.

## II.   THE BOARD IS ENTITLED TO A STAY PENDING APPEAL.

Absent confirmation that PROMESA § 106(c) automatically stays the appealed orders, the Board requests a stay pending appeal. The First Circuit has held that where, as here, a defendant appeals an order denying an immunity defense, the case should be stayed pending the outcome of the appeal. *Hegarty*, 25 F.3d at 18. In *Hegarty*, the defendants were denied summary judgment on their qualified-immunity defense. *Id.* at 17. The Court explained that "immunity from suit includes protection from the burdens of discovery." *Id.* at 18. Accordingly, the Court stayed the case "[u]ntil the threshold immunity question is resolved . . . through the appellate court's resolution of that question." *Id.* (emphasis omitted). The Board's sovereign-immunity defense— like the qualified-immunity defense in *Hegarty*—protects the Board from having to defend against litigation. *See Metcalf & Eddy*, 506 U.S. at 146. Accordingly, just as a case must be stayed pending an appeal of a qualified-immunity issue under *Hegarty*, this case must be stayed pending the Board's appeal of its sovereign-immunity and PROMESA § 105 defenses. Indeed, several courts have held that an interlocutory appeal involving a sovereign-immunity defense is *per se* grounds for a stay. *See Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004); *Goshtasby v. Bd. of Trustees of Univ. of Ill.*, 123 F.3d 427, 429 (7th Cir. 1997). Here, because the ultimate relief requested is production of documents, the current order directing the preparation and filing of a privilege log is part and parcel of a final judgment.

*Hegarty* is a specific application of the traditional four-factor test for a stay in the context of an appeal involving an immunity defense. As explained below, each of the four factors strongly favors staying this case.

### A.      The Board Is Likely to Prevail on the Merits.

The Board recognizes the Court, like any trial court, believes the Board is unlikely to prevail on appeal of its orders. The crux of the test when a trial court's order is appealed is whether the appeal is serious. Here, given that the appeal involves a new statute having no relevant underlying jurisprudence, and that the Court's orders override the plain language of PROMESA § 105 providing the Board has no liability for any claim or obligation arising from its carrying out of PROMESA, the appeal is indisputably serious. A stay is thus warranted because the Board has strong arguments on appeal, and the appeal presents, at a minimum, "serious legal questions" deserving of meaningful review. *Providence Journal*, 595 F.2d at 890.

The Board's sovereign-immunity argument is equally serious. It turns on a straightforward application of *Pennhurst State School & Hospital v. Halderman*, which held sovereign immunity precludes a federal court from ordering a state entity to comply with state law. 465 U.S. 89, 106 (1984). The relief sought by CPI falls squarely within the prohibition of *Pennhurst* because CPI asks this Court to order the Board (an entity within the Puerto Rico government) to comply with Puerto Rico's disclosure laws. *See Diaz-Fonseca v. Puerto Rico*, 451 F.3d 13, 42–43 (1st Cir. 2006) (dismissing under *Pennhurst* a claim seeking to force Commonwealth officials to comply with Commonwealth law).

In denying the Board's motions to dismiss CPI's complaints, this Court held Congress waived or abrogated the Board's sovereign immunity and tempered PROMESA § 105 by enacting PROMESA § 106(a). The Court reasoned the Board could not have sovereign immunity or immunity from a territorial obligation to produce documents in light of Congress having granted

the Court subject-matter jurisdiction over actions against the Board.  The Board respectfully submits the Court's reasoning is incorrect.  In a nutshell, the Court's error was its conclusion that § 106(a)'s grant of subject-matter jurisdiction over actions against the Board is incompatible with the Board having immunity.  Many district court and First Circuit decisions already show they are not incompatible.  In brief, actions attempting to impose liabilities and obligations against the Board have been dismissed based on § 105, while actions for declaratory judgments determining the Board's powers and other requests for relief not imposing liability for claims and obligations on the Board have proceeded to judgment.  When two statutes can be carried out harmoniously, interpreting one of them to overrule the other is diametrically contrary to multiple canons of statutory interpretation.

A waiver of sovereign immunity "must be stated by the most express language or by such overwhelming implications from the text as [to] leave no room for any other reasonable construction."  *Arecibo Cmty. Health Care, Inc. v. Puerto Rico*, 270 F.3d 17, 24 (1st Cir. 2001) (quotation marks omitted).  There is no language in § 106(a) expressing any intent to waive or abrogate the Board's sovereign immunity.  That section merely provides that any actions against the Board must be brought in federal court.  48 U.S.C. § 2126(a).  There are several types of claims that can be brought against the Board notwithstanding its sovereign immunity—for example, in the Governor's action against the Board, the First Circuit has affirmed the Board can insert into a fiscal plan and impose on the Governor a recommendation the Governor previously rejected.  *See Vázquez-Garced v. Fin. Oversight & Mgmt. Bd. for P.R.*, 945 F.3d 3, 6–7 (1st Cir. 2019), *cert. denied*, 141 S. Ct. 241 (Oct. 5, 2020).  Likewise, in the Legislature's action against the Board, the First Circuit affirmed the Board's power to certify its own budget for the Commonwealth and not the budget enacted by the Legislature.  *See Méndez-Núñez v. Fin. Oversight & Mgmt. Bd. for P.R.*

*(In re Fin. Oversight & Mgmt. Bd. for P.R.)*, 916 F.3d 98, 114–116 (1st Cir. 2019).  Conversely, when unions sued the Board for union workers' loss of certain benefits under their collective-bargaining agreements, the district court dismissed all claims against the Board pursuant to § 105. *See Hermandad de Empleados del Fondo del Seguro del Estado, Inc. v. Puerto Rico (In re Fin. Oversight & Mgmt. Bd. for P.R.)*, 2019 U.S. Dist. LEXIS 176447, at *36–37 (D.P.R. Sept. 27, 2019), *aff'd* 979 F.3d 10 (1st Cir. 2020).  Section 106(a) merely provides any such claims must be adjudicated in federal court.  Nothing in § 106(c) says it waives or abrogates the Board's sovereign immunity or immunity under § 105.  *See Sossamon v. Texas*, 563 U.S. 277, 287 (2011) ("[W]here a statute is susceptible of multiple plausible interpretations, including one preserving immunity," courts should adopt the reading preserving immunity.).[2]

In respect to § 105, by definition, all the documents requested by CPI were created while the Board was carrying out its duties under PROMESA.  Accordingly, any obligation to disclose those documents could have arisen only by virtue of the Board's actions to carry out PROMESA.  CPI has never challenged that fact.  The plain language of § 105 thus protects the Board from any such disclosure obligation.

---

[2] In its order, the Court also relied on legislative history purportedly describing PROMESA § 106(a) as a "[w]aiver of sovereign immunity."  ECF No. 36 (CPI I Opinion and Order) at 12–13.  The quoted passage, however, comes from a list of Bankruptcy Code provisions incorporated into PROMESA by PROMESA § 301.  The list refers to Bankruptcy Code § 106, not PROMESA § 106.  *See* D. Andrew Austin, Cong. Research Serv., R44532, PROMESA (H.R. 5278, S. 2328) 37 (2016).  In turn, Bankruptcy Code § 106, titled "Waiver of sovereign immunity," describes situations in bankruptcy administration where sovereign immunity is abrogated for governmental units only with respect to a list of federal Bankruptcy Code sections. 11 U.S.C. § 106.  Bankruptcy Code § 106 does not waive sovereign immunity for the enforcement of local law such as Puerto Rico's disclosure laws at issue here.  Thus, the Court's reference to that legislative history further supports the Board's position because it showed Congress expressly abrogated sovereign immunity for the enforcement of certain federal bankruptcy provisions and not for the laws at issue here.

What creates the dispute here is the Court's ruling that § 106(a) "temper[s]" § 105.  ECF Nos. 131, 133.  As explained above, however, § 106(a) merely creates subject-matter jurisdiction over certain types of actions.  Under the Court's ruling that § 106(a) overrides § 105's language immunizing the Board from liability for claims and obligations, multiple canons of construction are violated.  To mention just a few, the Court's ruling violates (1) the presumption against ineffectiveness, as the ruling renders § 105 ineffective, (2) the presumption of validity, (3) the harmonious reading canon that provisions should be read to make them compatible, not contradictory, and (4) the presumption against waiver of sovereign immunity.  *See* Antonin Scalia & Brian Garner, *Reading Law: The Interpretation of Legal Texts* 63–68, 180–82, 281–89 (2012).

At the very least, the Board's appeals raise serious questions of first impression and doubts that (1)  Congress waived or abrogated the Board's sovereign immunity through PROMESA, *see, e.g.*, ECF No. 36 at 15 ("The Court notes that abrogation via the Territorial Clause is an issue of first impression."); (2) the *Pennhurst* doctrine does not apply when Congress establishes a territorial entity and makes that entity amenable to suit only in federal court; and (3) PROMESA does not protect the Board from disclosure obligations imposed by Puerto Rico law.  Given the irreparable harm the Board will suffer absent a stay (discussed below), those serious legal questions justify staying the case until the appeal is resolved.  *See Providence Journal*, 595 F.3d at 890.

### B.    The Board Would Suffer Irreparable Harm Absent a Stay.

The Board would suffer irreparable harm without a stay because (1) the Board's sovereign immunity would be violated while the case proceeds; (2) the Board has been directed to review thousands of documents and prepare a privilege log and could be compelled to produce

information not subject to disclosure unless a stay issues; and (3) the Board will have been deprived of the automatic stay pending appeal in PROMESA § 106(c).

Courts have recognized that when an immunity defense is raised in an interlocutory appeal, an appellant is *per se* irreparably harmed absent a stay because, without a stay, the appellant would be forced to engage in precisely the type of litigation that immunity is designed to protect against. *See Hegarty*, 25 F.3d at 17–18 (holding a stay of discovery was warranted during pendency of appeal raising qualified-immunity defense because "immunity from suit includes protection from the burdens of discovery"); *see also Blinco*, 366 F.3d at 1252 ("A district court . . . properly stays discovery pending the appeal of a denial of immunity."); *Goshtasby*, 123 F.3d at 428–29 (staying case pending appeal of district court's denial of sovereign-immunity defense because "if the defendant is correct that it has immunity, its right to be free of litigation is compromised, and lost to a degree, if the district court proceeds while the appeal is pending").

Sovereign immunity is intended to "prevent the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private parties." *Metcalf & Eddy, Inc.*, 506 U.S. at 146 (quotation marks omitted). Accordingly, "the value to the States of their Eleventh Amendment immunity, like the benefit conferred by qualified immunity to individual officials, is for the most part lost as litigation proceeds past motion practice." *Id.* at 145. That is why the denial of a sovereign-immunity defense is immediately appealable, *id.* at 144–45, and why a stay is proper while an immunity defense is appealed, *see Hegarty*, 25 F.3d at 18. Consequently, courts typically issue a stay when a party appeals an order rejecting a sovereign-immunity defense. *See, e.g.*, *Fox v. Cty. of Saginaw Bd. of Comm'rs*, 2021 WL 872089, at *3 (E.D. Mich. Mar. 9, 2021);

*WhatsApp Inc. v. NSO Group Technologies Ltd.*, 2020 WL 5798378, at *8 (N.D. Cal. Sept. 29, 2020); *Summit Med. Assocs. v. James*, 998 F. Supp. 1339, 1351 (M.D. Ala. 1998).[3]

What's more, without a stay, the Board could be forced to publicly disclose sensitive documents and information, and such disclosures cannot be undone if the Board prevails in its appeals.  In the analogous Freedom-of-Information-Act ("FOIA") context, courts have recognized that a defendant is irreparably harmed if it is required to produce documents before having the opportunity to appeal because a disclosure would "let the cat out of the bag without any effective way of recapturing it if the district court's directive was ultimately found to be erroneous."  *Irons*, 811 F.2d at 683; *see also John Doe Agency v. John Doe Corp.*, 488 U.S. 1306, 1308–09 (1989) (Marshall, J., in chambers) (issuing stay in FOIA action because enforcing ordered disclosure of document index would deprive defendant of meaningful review, causing irreparable injury); *Block & Leviton LLP v. Facebook, Inc.*, No. 21-1172, Doc. No. 117719174 (1st Cir. Mar. 18, 2021) (granting stay pending appeal of an order to produce documents in FOIA litigation); *Providence Journal*, 595 F.2d at 890 (issuing stay of document-production order in FOIA action because "[o]nce the documents are surrendered pursuant to the lower court's order, confidentiality will be lost for all time"); *People for the Am. Way Found. v. U.S. Dep't of Educ.*, 518 F. Supp. 2d 174, 177 (D.D.C. 2007) ("[C]ourts have routinely issued stays where the release of documents would moot a defendant's right to appeal.").

---

[3] Similar logic applies to the Board's defense under PROMESA § 105.  Congress enacted § 105 to immunize the Board from suits like this one.  Requiring the Board to continue to defend against CPI's claims pending the outcome of its appeal would destroy the immunity the Board enjoys under § 105.  *See WhatsApp Inc.*, 2020 WL 5798378, at *7 ("[E]ven in cases involving immunity from liability, as opposed to immunity from suit, imposing discovery on officials is to be avoided.").

The same reasoning applies here.  Absent a stay, the Board will be required to produce a privilege log and potentially more documents before its appeals are resolved.  Reviewing thousands of documents and preparing a privilege log is a time consuming and expensive undertaking in a case like this where CPI has effectively demanded all communications with the federal government and all communications with the Commonwealth government.  The Board's documents often contain sensitive information and, as the R&R acknowledged, the privilege log will likely contain sensitive information, too.  *See* ECF No. 108 at 15–16.  The Board will be irreparably harmed if it is required to disclose such sensitive information before it has the opportunity for meaningful appellate review.  *See Providence Journal*, 595 F.2d at 890 ("Meaningful review entails having the reviewing court take a fresh look at the decision of the trial court before it becomes irrevocable.").

## C.      CPI Will Not Be Harmed By a Stay.

In contrast to the irreparable harm the Board would suffer without a stay, CPI would suffer no meaningful injury if a stay were issued.  The Board will ask the First Circuit to expedite its appeals under PROMESA § 106(d).  *See* 48 U.S.C. § 2126(d) ("It shall be the duty of the . . . United States Court of Appeals . . . to advance on the docket and to expedite to the greatest possible extent the disposition of any matter brought under this chapter.").  Accordingly, the appeals should be fully resolved promptly.  At most, then, a stay would mean CPI would need to wait a few extra months for any additional documents to which it might be entitled.  The Board has already voluntarily produced thousands of documents to CPI.  A delay of a few months for additional documents is a miniscule impediment compared to the irreparable harm the Board would suffer without a stay.

*Providence Journal* is instructive in this regard.  There, appellants moved to stay an order compelling the disclosure of certain material to the appellee (a newspaper) pending appellate

review.  595 F.2d at 889.  The First Circuit ordered a stay, observing the disclosure of materials pursuant to the lower court's order would be irreversible and "confidentiality [would] be lost for all time."  *Id.* at 890.  "On the other hand, the granting of a stay [would] be detrimental to the [newspaper] (and to the public's interest in disclosure) only to the extent that it postpones the moment of disclosure" in the event that the newspaper prevailed on appeal.  *Id.*  The same is true here.  Weighing the minor hardship to CPI of a short delay "against the total and immediate divestiture of appellants' rights to have effective review," the balance of hardships favors a stay.  *Id.*

> ### D.      The Public Interest Favors a Stay.

Finally, granting a stay is in the public interest.  Congress established the Board "to provide a method for [Puerto Rico] to achieve fiscal responsibility and access to the capital markets."  48 U.S.C. § 2121(a).  Recognizing the critical nature of the Board's work, Congress included several provisions in PROMESA to protect the Board from obligations (such as disclosure of documents that could hinder its work) and from the distraction of litigation as it works to resolve the Commonwealth's fiscal crisis.  *See, e.g.*, 48 U.S.C. § 2125; *id.* § 2126(d)–(e); *id.* § 2165.  A stay would best serve the people of Puerto Rico because it would allow the Board to focus on resolving the Commonwealth's fiscal issues rather than performing the laborious task of reviewing thousands of documents and creating an extensive privilege log.  Any public interest in disclosure would not be harmed by the requested stay because, if CPI is actually entitled to the documents it seeks, CPI will receive those documents in due course after the First Circuit resolves the appeals (likely on an expedited basis).

### CONCLUSION

For the foregoing reasons, the Board respectfully requests the Court to confirm the appealed orders are automatically stayed pending appeal by PROMESA § 106(c), or alternatively

grant a stay of these consolidated cases and any related deadlines pending the outcome of the Board's appeals to the First Circuit.

*[Remainder of Page Intentionally Left Blank]*

Dated:  April 9, 2021
San Juan, Puerto Rico

Respectfully submitted,

*/s/ Luis F. del Valle-Emmanuelli*
Luis F. del Valle-Emmanuelli
USDC-PR No. 209514
P.O. Box 79897
Carolina, Puerto Rico 00984-9897
Tel. 787.647.3503
Fax N/A
dvelawoffices@gmail.com

OF COUNSEL FOR
A&S LEGAL STUDIO, PSC
434 Avenida Hostos
San Juan, PR 00918
Tel. (787) 751-6764/763-0565
Fax (787) 763-8260

*/s/ Guy Brenner*

Guy Brenner (*pro hac vice*)
**PROSKAUER ROSE LLP**
1001 Pennsylvania Ave., NW
Suite 600 South
Washington, DC 0004
Tel.: 202-416-6800
Fax: 202-416-6899
Email: gbrenner@proskauer.com

*Attorneys for the Financial Oversight and Management Board for Puerto Rico*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 9, 2021, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record,

and all CM/ECF participants in the case.

*/s/ Luis F. del Valle Emmanuelli*
Luis F. del Valle-Emmanuelli
USDC-PR No. 209514
dvelawoffices@gmail.com

OF COUNSEL FOR
A&S LEGAL STUDIO, PSC
434 Avenida Hostos
San Juan, PR 00918
Tel. (787) 751-6764/763-0565
Fax (787) 763-8260

*Attorney for the Financial Oversight and Management Board for Puerto Rico*